1  THOMAS J. SPEISS, III, SBN 200949
   (tspeiss@sycr.com)
2  SARAH S. BROOKS, SBN 266292
   (sbrooks@sycr.com)
3  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA  92660-6422
   Telephone:  (949) 725-4000
5  Facsimile:  (949) 725-4100

6  Attorneys for Plaintiffs and Counterdefendants
   BLUE SPHERE, INC. AND ROBERT A.
7  KLOETZLY

8  Charles C.H. Wu (166756)
   Vikram M. Reddy (228515)
9  CHARLES C.H. WU & ASSOCIATES, APC
   98 Discovery
10 Irvine, California 92618
   Telephone: (949) 251-0111
11
   Attorneys for defendant and counterclaimant
12 H&H SPORTS PROTECTION USA. INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California corporation, and ROBERT A. KLOETZLY, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>H&H SPORTS PROTECTION USA, INC., a California corporation,<br><br>　　　　　Defendant. | CASE NO.  8:13-cv-01343-ABC-(Ex)<br><br>Assigned for all purposes to:<br>Honorable Andrew J. Wistrich<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: August 29, 2013 |
| H&H SPORTS PROTECTION USA, INC., a California corporation,<br><br>　　　　　Counterclaimant,<br><br>　　　　　vs.<br><br>BLUE SPHERE, INC., a California corporation, ROBERT A. KLOETZLY, an individual, and ROES 1 through 10, inclusive,<br><br>　　　　　Counterdefendants. | |

1
**[PROPOSED] PROTECTIVE ORDER**
LITIOC/2087863v1/102261-0084

# PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order in this action.

The parties have also agreed to be bound by the terms of this Protective Order prior to entry by this Court and to a mutual exchange of documents and information as though this Protective Order has been entered.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, financial, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c). The purpose of this Protective Order is to protect the confidentiality of such materials during this action. THEREFORE:

1. Definitions.

(a) "Confidential Information."   For purposes of this Protective Order, "Confidential Information" means information which the designating party deems to constitute trade secret or other confidential research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. It shall be the duty of the party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof under this Protective Order commences with such notice,

(b) "Documents."   As used herein, the term "document" shall have the meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure and

shall include, without limitation, any written or graphic matter in any medium and any type or description upon which information is recorded.

(c) "Pleadings." As used herein, "pleadings" means, without limitation, the following items: complaints, answers, cross claims, counterclaims, or amendments thereto, Orders of the Court, briefs, memoranda, reports, declarations, affidavits, interrogatories and responses thereto, requests for admission and responses thereto, requests to produce or documents or things, and responses thereto, deposition testimony, trial and hearing testimony, and exhibits filed with the Court in connection with this proceeding.

2. Levels of Confidentiality. In recognition of the fact there are different degrees of sensitivity for various pieces of Confidential Information and that it may be necessary for counsel to show some confidential materials to independent experts and to client representatives in order to prepare the case for trial, there will be two levels of confidentiality hereunder:

(a) "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY."

Any party may designate information as "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, technical, financial, or other commercial information. "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" may be disclosed only to (i) counsel of record, the members of their respective law firms, and their office personnel assisting in the conduct of the case; (ii) authors of and lawful recipients of the information designated CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY; (iii) other persons with the prior written approval of counsel for the designating party or non-party (iv) independent experts and

consultants retained to assist counsel in the preparation of the case, and their office personnel, under the conditions set forth in Paragraph 2(c) of this Protective Order; (v) court stenographers, videographers, translators, copy vendors, electronic discovery vendors, and graphics consultants; (vi) the Court and its staff; and, (vii) any current or former officer, director, employee agent, or Rule 30(b)(6) designee of the designating party.

(b) "CONFIDENTIAL."  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.  "CONFIDENTIAL" materials may be shown to persons authorized to review "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" documents as well as the parties or their officers, directors, in-house counsel, and employees to the extent necessary for the conduct of this action and deponents noticed by the parties.

(c) The right of any independent expert or consultant to receive any Confidential Information will be subject to the advance approval of such expert or consultant by the designating party or by permission of the Court.

i. The party seeking approval of an independent expert or consultant must provide the designating party with a written notification, which includes the name and curriculum vitae of the proposed independent expert or consultant that includes a description of the expert or consultant's employment and consulting history during the past four years, and an executed copy of the form attached hereto as Exhibit A, at least ten (10) days in advance of providing any Confidential Information of the designating party to the expert or consultant.

ii. If the designating party does not convey an objection to the proposed disclosure within ten (10) calendar days of receipt of the written notification, the

designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

  iii. If within ten (10) calendar days of receipt of the written notification, the designating party gives notification of its objection to the disclosure of Confidential Information to the expert or consultant identified by written notice pursuant to Paragraph 2(c)(i), there shall be no disclosure to the expert/consultant at issue until such objection is resolved. The objection shall state the reasons why the designating party believes the identified individuals should not receive Confidential Information.

  iv. If after meeting and conferring, the Parties do not otherwise resolve the dispute, the designating party must seek relief from the Court, by way of filing a motion within fourteen (14) days of the meet and confer. The filing and pendency of any such motion shall not limit, delay, or defer any disclosure of the Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery.

  3. Designation of Documents, Pleadings or Things. Documents, pleadings (or portions thereof) or things produced in the course of discovery herein (either formally or informally) which the designating party deems to contain Confidential Information, within the meaning of this Protective Order, shall be designated as confidential by the designating party at the time of production, and copies of documents, pleadings, things or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL" on each page or portion of the material by the designating party at the time of production.

  4. In the event the designating party elects to produce materials for inspection, no marking need be made by the designating party in advance of the

initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY," and must be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the designating party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

     5.    Designation of Deposition Testimony.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

     (a)    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL," and during such time the deposition transcript shall be treated as "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY."

     (b)    The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 2 above; and

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL," as appropriate.

6. Good Faith Requirement. A party shall only classify materials under Paragraph 2 of this Protective Order upon a good faith belief that the material contains Confidential Information and that classification under Paragraph 2 will, in that party's opinion, prevent commercial damage to that party.

7. Filing of Confidential Information with the Court.

In Accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

8. Restriction on Disclosure. No person or party receiving any document or information designated as Confidential Information under this Protective Order shall disclose such to anyone not specified in Section 2 hereof, nor use such for any purpose other than for the purposes of this action (i.e. preparation for trial, trial and any pretrial or post-trial proceeding), without the prior consent of the designating party or further order of this Court.

9. Counsel for each party and each person receiving any Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

10. **Information in Public Domain.** At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) calendar days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. Counsel for a non-designating party shall have the right to assert that any information designated Confidential Information is, in fact, in the public domain.

Any information which, prior to disclosure hereunder, is either in possession or knowledge of a non-designating party or person who, absent this Protective Order, is under no restriction with respect to the dissemination of such Confidential Information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as Confidential Information, shall be deemed to be in the public domain.

A non-designating party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Protective Order) of such information previously designated as Confidential Information, either obtain the approval, in writing, of the designating party, or the approval of the Court to make such disclosure.

11. In the event of an inadvertent disclosure of Confidential Information to a person not qualified to receive the information under the Protective Order, the Party or non-party making the inadvertent disclosure shall, upon learning of the

disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; (ii) promptly use best efforts to retrieve the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit A to this Protective Order; (iii) promptly make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made; and (iv) bring all pertinent facts relating to such disclosure to the attention of the designating party within seven (7) calendar days of learning of the inadvertent disclosure.

12. No party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

13. Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

14. Nothing in this Protective Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

15. This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

16. Nothing within this Protective Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by Order of the Court.

17. Relief from Order. This Protective Order is intended to provide a mechanism for the handling of Confidential Information and documents to the disclosure or production of which there is no objection other than confidentiality. This Protective Order shall be without prejudice to the rights of the parties to object to the disclosure of information or production of documents it deems confidential or to bring before this Court the question whether any particular information is or is not confidential, whether such information is properly categorized, or whether disclosure at trial in open court is nevertheless necessary in the interest of justice. This Protective Order may be modified by agreement of the parties, subject to approval by the Court. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

18. Term of Order. This Protective Order is intended to regulate the handling of Confidential Information and documents during the pretrial period of this litigation and, unless otherwise ordered, shall remain in force and effect until the termination of this action.

19. Third Parties. To the extent that any discovery is taken of persons who are not parties to this action ("third parties") and in the event such third parties or the parties hereto contend the discovery sought involves confidential proprietary information, then such third parties may agree to be bound by this Protective Order. Third parties who provide deposition testimony, produce

documents, or any other Confidential Information shall have the same rights and obligations with respect to such information as the parties hereto.

20.  **No Waiver.**  If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL."

21.  **Violations of the Protective Order.**  Any party knowing or believing that any other party is in violation of or intends to violate this Protective Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for an appropriate order.  Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Protective Order.

22.  **Jurisdiction of Court.**  The Court may retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications, and additions to this Protective Order as the Court may from time to

time deem appropriate.  The Court may modify this Order sua sponte in the interest of justice.  This Order is likewise subject to further Court orders based upon public policy and other considerations.

23. Return of Materials. Upon final termination of this action, including any and all appeals, counsel for each party must, within sixty (60) days of the request of the designating party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

24. Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose.

25. Notice. Transmission by either facsimile or electronic mail is acceptable for all notification purposes within this Protective Order.

26. The parties hereto also acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur.  If a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, that party

12
**[PROPOSED] PROTECTIVE ORDER**
LITIOC/2087863v1/102261-0084

1 shall promptly so advise the receiving party in writing of each particular document
2 it believes is privileged or otherwise immune from discovery, state and substantiate
3 the basis for the alleged privilege or immunity and the reasonable and diligent
4 efforts made to prevent disclosure, and request that the item or items of
5 information be returned.  If these conditions are met, the receiving party shall
6 return to the producing party or destroy such inadvertently produced materials and
7 all copies thereof within ten (10) calendar days of receipt of the written request.
8 The receiving party may retain a list of the privileged documents, including the
9 date, author, recipient and general subject matter without retaining any privileged
10 information.  Return or destruction of the materials shall not constitute an
11 admission or concession, or permit any inference, that the returned materials are, in
12 fact, properly subject to a claim of privilege or immunity from discovery, nor shall
13 it foreclose any party from moving the Court for an order that such materials have
14 been improperly designated or should be produced in accordance with the Federal
15 Rules of Civil Procedure, but only for reasons other than that the inadvertent
16 production caused a waiver.

18 SIGNED this 21st day of   January, 2014.



_____

Andrew J. Wistrich,

United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ , declare and say that:

1. I am employed as

by                                                                            .

2. I have read the Protective Order entered in_____, and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL." information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL" information with anyone other than the persons described in the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL- OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:                                                By: